RODNEY AYRES, Administrator, *vs.* WILLARD A. AYRES.

In an action by the husband and administrator of a married woman to recover morey deposited in a bank by a deceased person in trust to pay the interest to the depositor for life, and then the principal to the wife, and paid after the depositor's death to his executor, the " cause of action in issue and on trial " is the trust created by the depositor, and the plaintiff is not a competent witness under *St.* 1857, *c.* 305, § 1.

ACTION OF CONTRACT for money had and received to recover money alleged to have been deposited in the Springfield Insti-

tution of Savings in the name of Electa Ayres in trust for
Rhoda Ayres, the plaintiff's wife, and paid by the bank after
Electa's death to the defendant as her executor.

At the trial in the court of common pleas in Hampshire, the
plaintiff was admitted by *Briggs*, J. as a witness, against the
defendant's objection, and testified as follows: " The money
carried to the Savings Bank came into my hands by my wife.
I carried it to the bank in April 1844. We were owing Electa
Ayres for money we borrowed of her. The note was for $500.
Electa wished this money to be deposited and indorsed on the
note, and to have a bank book ; and I deposited it to accom-
modate her. After depositing the money, I carried the book to
Electa Ayres. My wife went with me. She at first declined
taking the book ; said she preferred receiving the interest, and
did not want double security. At length she took it, and said
she would keep it for my wife. My wife said if I should be
taken away she might want the money, and I assented to the
arrangement." The jury returned a verdict for the plaintiff, and
the defendant alleged exceptions.

*R. A. Chapman*, for the defendant.

*S. T. Spaulding*, for the plaintiff. The plaintiff was a compe-
tent witness under the *St.* of 1857, *c.* 305, § 1. In the proviso in
§ 1, that " where one of the original parties to the contract or cause
of action then in issue and on trial is dead, the other party shall
not be admitted to testify in his own favor," the word " con-
tract " must mean the contract which is the cause of action on
trial, and cannot include every contract which is necessary to be
proved. The contract with Electa Ayres was not the cause of
action, because during her life the money was not payable and
there was no breach of trust. The object of the trust ceased
on her death, and the plaintiff, after his wife's death, is entitled
to it as her administrator. 2 Williams on Executors, 874, 1472,
1480. *Wilbur* v. *Gilmore*, 21 Pick. 252, & cases cited. *Hunne-
well* v. *Lane*, 11 Met. 163.

Under a different construction, a wrongdoer, converting to his
own use property held by a deceased bailee or trustee, could
by taking out administration on his estate exclude the tes-

timony of the owner or *cestui que trust.* *Shillaber* v. *Wyman,* 15 Mass. 322. *Andrew* v. *Gallison,* 15 Mass. 325, note.

BIGELOW, J. The plaintiff's case seems to have depended mainly on his own testimony. If he was not a competent witness, the evidence would have been insufficient to support the action. The case therefore resolves itself into the question whether the plaintiff, under *St.* 1857, *c.* 305, § 1, was a competent witness ? We think it very clear that he was not, because he comes within the proviso or exception to the general clause of the statute, that " where one of the original parties to the contract or cause of action then in issue and on trial is dead, the other party shall not be admitted to testify in his own favor." The plaintiff's whole case depends on his proving a contract to which Electa Ayres, who is dead, was a party. The trust on which he relies to maintain the action was created by the deceased. It is her agreement that the money deposited in the Savings Bank belonging to her should be held in trust for the plaintiff's wife, which the plaintiff must prove in order to show any title to her money in the hands of the defendant. This is the fact on which his claim is founded, and which is denied by the defendant. It is the contract or cause of action in issue and on trial. If no such trust was ever created, then it is clear that the money belongs to the defendant as administrator. The purpose of the statute is to exclude the testimony of a party to a contract, who is also party to a suit seeking to establish the contract, in support of his action, when the other party to it, who was equally cognizant of the facts, is no longer living to give his version of the facts. The obvious injustice which might be occasioned by the admission of the evidence of a living party under such circumstances was intended to be prevented by the exception contained in the proviso of the statute. The case at bar is clearly within the mischief which it was the object of the statute to avoid.

In determining whether a case is within this proviso, the form of the action may be quite immaterial. It furnishes in many cases no certain test of the real cause of action. A promissory note, or money due on a special contract after it is fully per-

formed, may be recovered under a general count for money had and received, or services performed. But no one can doubt that under such a declaration the real cause of action in issue and on trial would be the note or contract on which the plaintiff's right to recover really depended. So here. The form of action is money had and received. The plaintiff attempts to support it by proof of a contract creating a trust in favor of his deceased wife. Failing to prove this, he has no case. It is therefore the contract in issue.                              *Exceptions sustained*